UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:24-cv-462-CEM-DCI

BENJAMIN HILL,

    *Plaintiff*,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

    *Defendant*.

_____/

## BENJAMIN HILL'S MOTON TO REMAND

Benjamin Hill seeks an Order remanding this lawsuit back to the Ninth Judicial Circuit in and for Orlando County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction over Hill's unripe bad faith claim under Article III of the U.S. Constitution and because the amount of controversy has not been met.

## INTRODUCTION

This suit involves a common law bad faith claim against Allstate Fire & Casualty Insurance Company, for Allstate's failure to settle Hill's bodily injury claims against Allstate's insured, Dakota Storm Griffin. ECF No. 1-1. Prior to this lawsuit, on February 28, 2023, a Final Judgment in the amount of $977,898.55, plus post-judgment interest, was entered for Hill against Griffin in the Underlying Action.[1] This

---

[1]*Hill v. Griffin*, in the Circuit Court in and for Orange County, Case No. 2020-CA-012576-O.

1700747

bad faith action was filed on March 21, 2023, seeking recovery of the unsatisfied amount of the Final Judgment (plus pre- and post-judgment interest, and any attorney's fees and costs that may be awarded to Hill). ECF No. 1-1, p. 5.

On June 13, 2023, Griffin appealed the Final Judgment entered in the Underlying Action. ECF No. 7-1. This appeal remains pending before the Sixth District Court of Appeal, Case No. 6D23-2890.[2] *Id.* Due to the pending appeal, this action was stayed by the Circuit Court Judge and service of this suit was never effected on Allstate. *See* ECF No. 1-3, p.11, Order Granting Stay During Pending Appeal. Despite this stay, Allstate improperly removed this lawsuit and immediately moved to abate Hill's unripe bad faith claim. ECF No. 1, 7.  This Court must deny Allstate's requested relief and order remand for its lack of subject matter jurisdiction and Allstate's failure to demonstrate a sufficient amount in controversy exists.

**MEMORANDUM OF LAW**

### I.    Legal standard.

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). "A presumption in favor of remand is necessary because if a federal court reaches the merits . . . in a removed case where subject matter

---

[2] On February 20, 2024, Griffin filed a second appeal to the Sixth District Court of Appeal, Case No. 6D24-348.

jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "In deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, uncertainties are resolved in favor of remand." *Id.*

As the party seeking removal, Allstate "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). "Because federal courts are courts of limited jurisdiction, the removal statutes are strictly construed, *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), with all doubts resolved in favor of remand." *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party"); *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 n.12 (11th Cir. 1994) (noting that courts should not construe removal statutes in a manner that expands federal court's jurisdiction, even if the result permits plaintiffs to intentionally avoid such jurisdiction).

Once a jurisdictional issue has been raised, this Court must evaluate its subject matter jurisdiction before "proceeding further." *Atlanta Gas Light Co. v. Aetna Cas. &*

*Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("Any time doubt arises as to the existence of federal jurisdiction, [courts] are obliged to address the issue before proceeding further."). "'[A]n abundance of caution' is not a proper basis for removal when it is the *defendant's* burden to show the case is properly before the federal court." *Szafran v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-cv-2334-ORL-22GJK, 2020 WL 5803096, at *5 (M.D. Fla. Feb. 24, 2020).

Allstate cannot meet its burden of demonstrating this Court has subject matter jurisdiction over Hill's unripe bad faith claim. Allstate concedes Hill's bad faith claim is unripe. ECF No. 7. Because there is no subject matter jurisdiction over an unripe claim, Article III requires Hill's claim be remanded. *See Klarenbeek v. GEICO Gen. Ins. Co.*, No. 6:23-CV-1085-PGB-RMN, 2023 WL 7383262, at *2 (M.D. Fla. Nov. 7, 2023) ("[A] district court must remand a case to state court when the underlying claim is not yet ripe."). Allstate knows this, but persists nonetheless in asking this Court to accept jurisdiction then abate a claim over which it has no ability to do so.

## II.    This Court lacks subject matter jurisdiction over Hill's unripe claim.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (citing U.S. Const. art. III, § 2, cl. 1.). Whether a federal court has subject matter jurisdiction to even entertain a claim "turns on a party's standing and the ripeness or mootness of a party's claim." *Ralston v. LM Gen. Ins. Co.*, No. 616CV1723ORL37DCI, 2016 WL 6623728, at *2 (M.D. Fla. Nov. 9, 2016) (citations

omitted).

Because "'[r]ipeness is an issue of subject matter jurisdiction' . . . a district court must remand a case to state court when the underlying claim is not yet ripe." *Klarenbeek v. GEICO Gen. Ins. Co.*, No. 6:23-CV-1085-PGB-RMN, 2023 WL 7383262, at *2 (M.D. Fla. Nov. 7, 2023) (citing *Bauknight v. Monroe County*, 446 F.3d 1327, 1331 (11th Cir. 2006)); *see also Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021) ("[I]f the district court had determined that Mack lacked standing to bring his declaratory judgment claims, it would have been required to remand those claims back to state court."). That is the case here.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). And when a claim is unripe, "[t]his Court is required to dismiss [or remand] the unripe claim—not abate." *See Ralston* at *3 (citing *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1208 (11th Cir. 2012)). The Circuit Court Judge recognized the contingent nature of the bad faith action and its dependence on the outcome of the appeal and therefore stayed the bad faith case. Allstate nonsensically asks this Court to accept jurisdiction over an already stayed matter and then abate it.

"Where the liability incurred by the insured is an excess judgment, the [bad faith] cause of action does not ripen until the appeal is complete '[b]ecause the essential element of the ... claim may be reversed on appeal.'" *Burek, Inc. v. AmGuard Ins. Co.*, No. 8:23-CV-0381-KKM-AEP, 2023 WL 3166464, at *1-*2 (M.D. Fla. Apr. 28, 2023)

5

("Because an appeal of the underlying state court judgment against Burek is pending, the judgment is not yet final and Burek's [bad faith] claim is not yet ripe."); *D'Agostino v. Safeco Ins. Co. of Illinois*, 669 F. Supp. 3d 1187, 1190-91 (N.D. Fla. 2023) (explaining "constitutional limitation[s]" require dismissal of a unripe bad faith claim because "issues of liability and damages, which must be resolved in Plaintiff's favor before a bad faith claim arises, might not be resolved in Plaintiff's favor"); *Romano v. Am. Cas. Ins. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987) (dismissing bad faith claim for lack of ripeness where underlying excess judgment was on appeal); *see Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (explaining a bad faith claim "is premature until there is a determination of liability and extent of damages.").

Hill's asserted basis for Allstate's bad faith liability is the entry of an excess judgment against Griffin in the Underlying Action. *See* ECF No. 1-1. Because accrual of Hill's bad faith claim relies on a contingent set of events that may never occur: affirmance of the underlying judgment (resulting in the entry of an excess judgment), Hill's claim is unripe and non-justiciable. *See Burek* at *1-*2; *Romano* at 970; *Texas*, 523 U.S. at 300. Absent a justiciable claim, abatement is not available, and this Court must order remand for its lack of jurisdiction. *See Ralston*, 2016 WL 6623728, at *2; *Klarenbeek*, 2023 WL 7383262, at *2; *Mack*, 994 F.3d at 1359. Even if this Court were to find Hill's bad faith claim was somehow ripe at the time of removal (above Allstate's concession otherwise, ECF No. 7), Allstate failed to demonstrate the amount in controversy requirement has been satisfied, requiring remand be ordered. ECF No. 1.

### III.    The amount of controversy has not been met.

At the time of Allstate's removal, there was no amount in controversy and Allstate cannot carry its burden of demonstrating this Court's jurisdiction over Hill's claim. Allstate argues the amount of controversy is the underlying Final Judgment amount. ECF No. 1, pp. 4-5. But as Allstate also argues, there is no underlying Final Judgment until the appellate process has concluded. *See* ECF No. 7, pp. 4-5 (listing cases "all determining the finality must include the appellate process."). This lack of finality of the underlying Final Judgment is why Allstate concedes the bad faith claim is unripe. *Id.*

Removal depends on the damages recoverable at the time of removal. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Courts within this circuit have consistently found the court may not consider the value of an unripe claim in its consideration of the amount in controversy. *See Juergensmeyer v. Allstate Ins. Co.*, No. 8:17-CV-1537-MSS-AAS, 2017 WL 10277111, at *4 (M.D. Fla. Oct. 17, 2017) (citing *Brown v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-1982-ORL-31, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014) (discussing how a bad faith count cannot be considered for the amount in controversy); *Jenkins v. Allstate*, 2008 WL 4934030 (M.D. Fla. Nov.12, 2008) ("[A] non-ripe bad faith claim has zero value with regard to the amount in controversy."); *Berg v. Cigna Life Ins. Co. of New York*, No. 2:15-CV-270-FTM-38CM, 2015 WL 12843197, at *1 (M.D. Fla. May 6, 2015) (same); *Montanez v. Integon Indem. Corp.*, No. 6:15-CV-25-ORL-22KRS, 2015 WL 12839272, at *2 (M.D. Fla. Apr. 1,

2015) (same).

At the time of the removal, the amount of controversy was zero; there was no final underlying Final Judgment. Nor can there be an amount of controversy for an unripe bad faith claim altogether. *Id.* Despite Allstate's and its undersigned counsel's awareness this Court has held "the court may not consider the value of the bad faith claim in its consideration of the amount of controversy," (having both been party to the *Juergensmeyer* opinion) Allstate still asserts the same improper argument here. *Id.* at *4. And since the foregoing opinion, Allstate, along with the same undersigned counsel, has conceded its position presented here is erroneous. *See Pomet v. Allstate Prop. & Cas. Ins. Co.,* No. 8:22-CV-69-CEH-AAS, 2022 WL 1223197, at *1 n.2 (M.D. Fla. Apr. 26, 2022) ("Allstate's response admits the bad faith claim is premature and the value of the claim is arguably zero."); *id.* at ECF No. 10, p. 11 ("[T]he bad faith claim is premature and the value of that claim is arguably zero at the time of Removal.").

Allstate's argument that the amount of controversy has been satisfied in the presence of an unripe bad faith claim where no *final* Final Judgment has been entered is directly rejected by the law. Allstate cannot demonstrate by a preponderance of the evidence that the amount of controversy exceeded $75,000 at the time of removal, rendering remand mandatory.

## IV.    Abatement is not available to this Court.

Allstate asks this Court to abate a claim this Court lacks jurisdiction to entertain altogether. ECF No. 7. Article III prohibits this Court from undertaking any action

except ordering remand in the present posture, let alone abating Hill's claim until it may potentially ripen one day. *Ralston* at *3; *see Am. Tobacco Co.*, 168 F.3d at 410 ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); *Wernick v. Mathews,* 524 F.2d 543, 545 (5th Cir.1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits."). Permitting such an abatement practice would render Article III superfluous.

As this Court explained in *Ralston*, "[w]here, as here, the Plaintiff cannot [demonstrate ripeness], this Court is required to dismiss [or remand] the unripe claim—not abate or stay. 2016 WL 6623728, at *3 (citing *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1208 (11th Cir. 2012)). And here, because this lawsuit was removed (rather than directly filed to this Court), remand rather than dismissal is required. *See Klarenbeek* at *2.

Allstate's reliance on *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F. Supp. 2d 1383 (S.D. Fla. 1999) does not require a different result. In *O'Rourke*, the plaintiff sought to avoid dismissal by requesting abatement of their claim. *Id.* at 1384-45. There was no discussion of subject matter jurisdiction or Article III altogether. *Id.* While *O'Rourke* discusses the Florida state court practice of abating premature bad faith actions, unlike Florida's state courts, this Court is bound by Article III and cannot entertain Hill's claim altogether. *Id.*; *Ralston* at *3. In contrast to Florida's state courts, this Court cannot abate a claim it lacks jurisdiction over, in hopes some contingency

9

may occur that would ripen the claim and make it justiciable. *Digital Prop., Inc.*, 121 F.3d at 589 ("The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.").

Federal courts have overwhelmingly decided Article III requires dismissal of unripe bad faith claims, not abatement. *See D'Agostino*, 669 F. Supp. 3d at 1190 (acknowledging this is "not merely a discretionary question of procedure but instead a question of jurisdiction" in holding "a bad faith claim should be dismissed without prejudice" rather than "abated pending resolution of the underlying liability and damages issue"); *Terenzio v. LM Gen. Ins. Co.*, 423 F. Supp. 3d 1354, 1356-57 (S.D. Fla. 2019) (ordering dismissal, stating, "the Court favors the outcome that does not risk running afoul of Article III of the Constitution or the Federal Rules of Civil Procedure."); *see id.* at 1357 (noting, "a majority of federal district courts in Florida have ruled in favor of dismissal.") (citing *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1364 (M.D. Fla. 2015) (collecting cases and finding that a majority of courts have favored dismissal)); *Lewis v. Allied World Specialty Ins. Co.*, No. 20-cv-20677, 2023 WL 2770538, at *9 (S.D. Fla. Apr. 4, 2023) (collecting cases and noting dismissal on jurisdictional grounds "appears to be the majority view in federal courts around our Circuit").

This Court must remand and deny Allstate's request for abatement of an unripe claim this Court has no subject matter jurisdiction over. *See Pacheco*, 139 F.3d at 1373 ("We construe removal jurisdiction narrowly and resolve any doubts regarding the

existence of federal jurisdiction in favor of the non-removing party”).

### V.    Allstate lacked a reasonable basis to seek removal.

“An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.” 28 U.S.C. § 1447(c). The trial court has discretion under § 1447(c) to award attorney’s fees for Allstate’s improper removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005). The standard for awarding fees turns on the “reasonableness of the removal.” *Id*. at 141. This Court has the power to award attorneys’ fees where the removing party lacked an objective, reasonable basis for seeking removal. *Id*. But an award of fees under § 1447(c) does not require a showing that the defendant’s position was “frivolous, unreasonable, or without foundation.” *See id*. at 138-39. An award of attorney’s fees is remedial, rather than punitive, and is “simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted.” *Perriello v. Allied Prop. & Cas. Ins. Co.*, No. 16-82783-CIV-MIDDLEBROOKS/BRANNON, 2016 WL 11083334 (S.D. Fla. Dec. 2, 2016).

Allstate lacked an objectively reasonable basis for removing this lawsuit involving an unripe bad faith claim where there was no amount of controversy at the time of removal. Allstate acknowledged Hill’s bad faith claim remains unripe. ECF No. 7. Allstate cited the controlling case law, *Romano*, which explained Hill did not possess a justiciable bad faith claim. ECF No. 7, p.4 (citing *Romano*, 834 F.2d 968). Allstate was aware or should have been aware it was removing a non-justiciable claim

that this Court lacked jurisdiction to hear. Allstate and its counsel also assert an objectively unreasonable amount of controversy argument. ECF No. 1, pp. 4-5. Both Allstate and its counsel were parties to the *Juergensmeyer* decision which expressly rejected Allstate's argument presented to this Court. Allstate and its counsel even conceded this amount of controversy argument was erroneous in the *Pomet* matter.

Neither of Allstate's arguments are objectively reasonable, with both Allstate and its counsel being aware of the controlling case law directly rejecting Allstate's removal argument. The nature or facts of Hill's lawsuit do not invalidate the propositions directly rejecting Allstate's arguments announced in *Romano*, *Juergensmeyer*, or the *Pomet* matters; there remains no justification for Allstate's and its counsel's asserted basis for removal.

While sanctions are justified under this Court's inherent authority, "the standard for awarding attorney's fees under §1447(c) is something less than that required for an award of attorney's fees under Rule 11." *Perriello*, 2016 WL 11083334, at *1 (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 950 (9th Cir. 2001)); *see also Squire v. GEICO Gen. Ins. Co.*, No. 12-23315-CIV, 2012 WL 12864938, at *5 (S.D. Fla. Nov. 2, 2012) (citing *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286 (M.D. Fla. 2003)) (awarding attorney's fees considering movant's high burden of proof and lack of reasonableness, even if made in good faith). Hill respectfully requests an order granting entitlement to attorneys' fees incurred in responding to Allstate's improper removal.

Case No.: 6:24-cv-462-CEM-DCI

## CONCLUSION

WHEREFORE, Plaintiff, Benjamin Hill, respectfully requests that this Court enter an Order remanding this case to state court, granting entitlement to attorney's fees and costs, and for such other relief this Court deems equitable, just, and proper.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred with counsel for Allstate Fire and Casualty Insurance Company, Jennifer Worden, by email correspondence on March 19, 2024, and Allstate opposes the relief requested herein.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
301 East Pine Street, 790
Orlando, FL 32801
407-380-9312
407-601-7905 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
bvillamor@vpm-legal.com
**Jacob M. Schuster, Esq.**
Florida Bar No. 1030981
jschuster@vpm-legal.com
memanuel@vpm-legal.com
*Counsel for Benjamin Hill*

13

Case No.: 6:24-cv-462-CEM-DCI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF or U.S. Mail on March 19, 2024 on all counsel of record below.

Jenifer C. Worden, Esq.
Segundo Law Group, LLC
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
service@civillit.com
smartinez@civillit.com
*Counsel for Allstate*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**