# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BENJAMEN HILL,**

        **Plaintiff,**

v.                                                     Case No: 6:24-cv-462-CEM-DCI

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Plaintiff's Unopposed Motion to Stay Discovery Pending Ruling on Motions (Doc. 22) |
| **FILED:** | May 29, 2024 |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART**.

### I. Background

This suit involves a common law bad faith claim against Allstate Fire and Casualty Insurance Company (Defendant) arising from Plaintiff's bodily injury claims. Doc. 1-1. Prior to this suit, a final judgment in the amount of $977,898.55, plus post-judgment interest, was entered for Plaintiff in the underlying state court action. *See Hill v. Griffin*, No. 2020-CA-012576-O (Fla. Cir. Ct. 2023). The present action was filed in state court on March 21, 2023, seeking recovery of the unsatisfied amount of the final judgment. Doc. 1-1. On June 13, 2023, Defendant appealed the final judgment entered in the underlying state court action, and that appeal remains pending

before Florida's Sixth District Court of Appeal. Doc. 7-1; Case No. 6D23-2890. In light of the pending appeal, this action was stayed by the Florida Circuit Court Judge. Doc. 1-3. On March 19, 2024, Plaintiff moved to remand this action back to state court arguing that Defendant has failed to demonstrate that the bad faith claim meets the amount in controversy requirement 28 U.S.C. § 1332. *See* Doc. 10. Thereafter, Defendant filed a response in opposition to the motion to remand arguing that the Court has subject matter jurisdiction over the claim. Doc. 18. The motion to remand remains pending before the District Judge.

Plaintiff now seeks an order staying discovery in this case pending the resolution of the motion to remand. Doc. 22 (the Motion). Plaintiff further argues that Defendant lacked a reasonable basis to seek removal and requests an award of attorney fees under 28 U.S.C. § 1447(c). *Id.* at 11-12. Plaintiff asserts that Defendant does not oppose the Motion and, to date, no opposition has been filed. *Id.* at 6. Accordingly, the Court deems the Motion unopposed. Local Rule 3.01(c).

## II. Discussion

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (internal quotation marks omitted); *see also* Middle District Discovery (2021) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2021) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden."). In

determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652.

Again, while not dispositive, the Court notes that the Motion is unopposed. So, the Court takes as undisputed Plaintiff's assertions that the motion to remand has merit, the motion to remand is dispositive, and that Defendant will not be prejudiced by staying discovery pending the resolution of the motion to remand.

In taking a "preliminary peek at the merits" of the motion to remand, the Court finds that the motion to remand appears preliminarily to be "clearly meritorious and truly case dispositive." *Feldman¸* 176 F.R.D. at 652-53. Considering the underlying appeal of the bad faith claim in state court., "[b]ecause the essential element of the appellant's claim may be reversed on appeal, it is logical to require its disposition before it may form the basis for another claim." *Romano v. American Cas. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987). In fact, "the appellate process [must] be complete before the cause of action for bad faith insurance practices is ripe." *Id.* (citing *Boyd Bros. Trans. Co., Inc. v. Fireman's Fund Ins. Cos.*, 729 F.2d 1407 (11th Cir. 1984)). Accordingly, Plaintiff's argument that the present case is not ripe, and that the Court therefore lacks subject matter jurisdiction over the case, is well-taken. *See* Doc. 10 at 4-6. Defendant seems to concede that the final judgment is not a final determination such that the bad faith case cannot proceed at this juncture. *See* Doc. 7 at 3 ("Because an Appeal of the underlying final judgment remains pending, the final judgment is not considered to be a final determination for purposes of permitting a bad faith case to proceed, until the appellate process is completed, because the results

that form the basis of the damages for the bad faith claim are subject to change.").[1]  To be sure, under Florida law, a statutory bad faith claim is contingent on "a determination of the full extent of the insured's damages" in the underlying action. *Fridman v. Safeco Ins. Co. of Ill.,* 185 So. 3d 1214, 1224-25 (Fla. 2016).  Accordingly, it appears that "[f]or purposes of Article III, [the] bad faith action is unripe because the damages determination on which the action depends has not been fully crystalized." *Klarenbeek v. Geico Gen. Ins. Co.*, 2023 WL 7383262, at *3 (M.D. Fla. Nov. 7, 2023) (citing *Jenkins v. Allstate Ins. Co.,* 2008 WL 4934030, at *2 (M.D. Fla. Nov. 12, 2008)).  And "a district court must remand a case to state court when the underlying claim is not yet ripe." *Klarenbeek*, 2023 WL 7383262, at *2 (citing *Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1331 (11th Cir. 2006)).

Therefore, in light of the lack of opposition to the Motion and the apparent, preliminary merit of the motion to remand, the Court finds that a stay is warranted.  The Court has "balance[d] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for discovery," and concludes that the balance tips in favor of staying discovery at this time. *Feldman*, 176 F.R.D. at 653.

As for Plaintiff's request for attorney fees under § 1447(c), the Court finds that an award of fees at this time would be premature.  The Supreme Court has established a standard to guide district courts in deciding whether to award attorney fees and costs upon remand.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

---

[1] Defendant argues that the issue of ripeness should be decided under Defendant's motion to abate the bad faith claim. Doc. 18 at 7 (citing Doc. 7).

seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* However, at this juncture the Court only finds that the motion to stay discovery should be granted and makes no findings concerning the actual merit of the motion to remand. Accordingly, it would be improper for the Court to award attorney fees before the motion to remand is ruled upon, as that issue remains pending before the District Judge.

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 22) be **GRANTED in part** such that discovery in this case shall be temporarily stayed pending the resolution of the motion remand; and

2. the Motion (Doc. 22) be **DENIED without prejudice** to the extent Plaintiff seeks an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

**ORDERED** in Orlando, Florida on June 17, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE